**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| STATE OF NEW YORK, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | * | Case No. 1:26-cv-03405-DLB |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * *

**JOINT MOTION FOR STATUS CONFERENCE; PARTIES' POSITIONS ON ARGUMENT ON DEFENDANTS' MOTION TO TRANSFER AND <u>BRIEFING SCHEDULE FOR DISPOSITIVE MOTIONS</u>**

Plaintiffs and Defendants both want this case resolved quickly and efficiently but disagree on how best to accomplish that. Defendants request a status conference the week of September 28, 2026, and Plaintiffs do not oppose a status conference if the Court believes one would be useful. Beyond that, the Parties disagree about sequencing.

The Parties respectfully lay out their positions below. Since the Parties each intend to file dispositive motions in the coming weeks, Plaintiffs oppose expedited argument on the Motion to Transfer, and request that the Court enter an order setting out the agreed-upon briefing schedule to govern the Parties' forthcoming dispositive motions. Defendants request that the Court resolve Defendants' Motion to Transfer Venue, ECF No. 46, before merits briefing proceeds, with oral argument if the Court would find it helpful.

**Positions Regarding the Progression of Case**

Plaintiffs' Position

The Parties have conferred and agreed on a briefing schedule designed to efficiently advance this case. Defendants have stated that they intend to file a motion to dismiss on September 25, 2026, and Plaintiffs intend to file a combined opposition to Defendants' motion to dismiss and motion for summary judgment two weeks later, on October 9. Defendants also intend to file a cross-motion for summary judgment on October 23. Under the parties' agreed-upon schedule, these dispositive motions would be fully briefed in seven weeks.

Against that backdrop, Plaintiffs respectfully oppose Defendants' request for an expedited oral argument on Defendants' Motion to Transfer. Local Rule 105.6 provides that a hearing is not necessary on a motion unless the Court orders one, and the issues presented by the Motion to Transfer are adequately addressed through the Parties' detailed written submissions. Plaintiffs believe that oral argument is unlikely to materially aid the Court's consideration of the Motion to Transfer beyond the Parties' written submissions. Given that the Parties have agreed to a briefing schedule under which briefing on dispositive motions will be complete in approximately seven weeks, setting an expedited oral argument at this juncture would create inefficiencies by shifting the Parties' resources away from briefing their dispositive motions. Further, the Court will have the Parties' positions on both the transfer motion and the dispositive motions before it within a relatively short period, making a separate hearing on the transfer motion unnecessary to the extent the Court deems that a hearing on the transfer motion would aid its resolution of the motion. Defendants' request also overlooks that transfer requires affirmative action by this Court. Absent an order granting the Motion to Transfer, this case will remain before this Court. Thus, there is no need for the Court to take immediate action on the Motion to Transfer while the Parties proceed

with the agreed-upon briefing schedule. Plaintiffs do not oppose a status conference if the Court believes one would be useful, but, given the schedule to which the Parties have already agreed, Plaintiffs believe that proceeding with briefing prior to any hearing is the most efficient path forward.

Although Plaintiffs believe the Court would be able to adequately resolve Defendants' Motion to Transfer without oral argument, if the Court determines that oral argument would assist in resolving the Motion to Transfer, Plaintiffs respectfully request that the Court defer any argument on the Motion to Transfer until any hearing on the Parties' dispositive motions. Defendants' decision to seek a dispositive ruling from this Court on both threshold and merits issues further underscores why there is no need to expedite a separate hearing on the Motion to Transfer. In seeking such rulings, Defendants are not merely responding to Plaintiffs' claims in this forum; they are affirmatively asking this Court to adjudicate issues in the case. Considering the Motion to Transfer at the same hearing as any hearing on the dispositive motions would conserve judicial and party resources.

<u>Defendants' Position</u>

Defendants request a status conference the week of September 28, which Plaintiffs do not oppose, to settle the order of decision before the Parties commit to seven weeks of merits briefing. That order should be:

1. The Court decides the Motion to Transfer first, on the papers or after brief argument if the Court would find argument helpful.
2. If the Court retains the case, it decides Defendants' motion to dismiss.
3. Only then does the Court reach the merits.

This is the third challenge to the FY 2027 Title X Notice of Funding Opportunity. The first was filed June 18 in the Middle District of Pennsylvania, which dismissed it as unripe on September 17. *Nat'l Family Planning & Reprod. Health Ass'n v. Kennedy*, No. 1:26-cv-01684, ECF No. 73, slip op. at 7–10 (M.D. Pa. Sept. 17, 2026) ("*NFPRHA*"). The second was filed July 28 in the District of Columbia, where dispositive briefing will be complete by the end of October. *Planned Parenthood Fed'n of Am., Inc. v. HHS*, No. 1:26-cv-02656 (D.D.C.) ("*PPFA*"). This case was filed August 27, by overlapping plaintiffs, in a third circuit. Defendants have moved to transfer it to the second court, ECF No. 46, and intend to immediately move to dismiss this complaint on the ground the first court accepted.

Transfer determines which circuit's law governs and which court decides everything else. If granted, merits briefing here will have been briefing for the wrong court. *See Nanjing 3H Med. Prods. Co. v. KT Health, LLC*, No. RDB-24-2745, 2026 WL 2619904 (D. Md. Sept. 4, 2026) (granting transfer and denying remaining motions without prejudice). If this Court retains the case, it should decide the Defendants' forthcoming motion to dismiss before reaching the merits as the Court did in *NFPRHA*. *See also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). That threshold question is substantial: the only court to reach it held the challenge premature.

As to Plaintiffs' position, while Local Rule 105.6 makes a hearing discretionary, it does not counsel deferring a fully briefed threshold motion until the merits are briefed too. That deferral is the inefficiency. It commits both sides to seven weeks of dispositive briefing before the Court decides whether it is the right court to hear the merits at all. An hour of argument on a briefed motion costs far less than that briefing does. Plaintiffs' fallback—deferring the transfer motion to the dispositive-motions hearing—would moot it in practice: once the merits are fully briefed, part of the duplication transfer is meant to avoid work that has already occurred.

Nor does Plaintiffs' schedule serve the speed they invoke. Plaintiffs say they want a ruling before the January 11 application deadline. So do Defendants. But Plaintiffs brought the third challenge to this document, in a third circuit, ten weeks after the first; the calendar they now describe as too tight for a transfer ruling is the one that choice produced. The *PPFA* case is proceeding on a parallel schedule. Plaintiff's opening summary judgment brief is due October 9. *PPFA*, Minute Order (D.D.C. Aug. 25, 2026). Briefing in PPFA closes October 23, nearly a month earlier than the proposed schedule, here. *Id.* Plaintiffs do not dispute that they could present their arguments there. Transfer costs them nothing. What it avoids is a third ruling on one nationwide NOFO in December, weeks before applications are due, with no assurance the rulings agree. Conflicting rulings—or a later ruling here, closer to the deadline—would disrupt not only the Department's administration of the competition but every applicant in it. The only thing merits briefing here secures that transfer does not is this Circuit's law. One of twenty-three Plaintiffs is in Maryland; the challenged decision was made, and the record compiled, in Washington; every claim is federal.

Plaintiffs also contend that by moving to dismiss, Defendants are "affirmatively asking this Court to adjudicate issues in the case." They are not. Defendants propose the ordinary sequence: forum, then jurisdiction, then merits. The motion to dismiss simply ensures that no time is lost if transfer is denied. Defendants have no objection to deferring the remaining merits deadlines until the Court rules on transfer.

Defendants do not seek delay. They moved to transfer promptly, will move to dismiss imminently, and in all events, will produce the administrative record—the same record in all courts—by September 30.

**Proposed Briefing Schedule**

Should the Court deny Defendants' motion to transfer venue and order that the Parties brief all dispositive motions simultaneously, the Parties have conferred and agreed upon the following proposed briefing schedule and page limits for Defendants' forthcoming motion to dismiss, Defendants' cross-motion for summary judgment, and Plaintiffs' forthcoming motion for summary judgment:

1. Defendants shall file their motion to dismiss on or before Friday, September 25, 2026. Defendants' motion to dismiss shall not exceed 30 pages;

2. Defendants shall produce the administrative record on or before Wednesday, September 30, 2026;

3. Plaintiffs shall file their combined motion for summary judgment and opposition to Defendants' motion to dismiss on or before Friday, October 9, 2026. Plaintiffs' combined motion for summary judgment and opposition to Defendants' motion to dismiss shall not exceed 50 pages;

4. Defendants shall file their combined reply in support of their motion to dismiss and cross-motion for summary judgment/opposition to Plaintiffs' motion for summary judgment on or before Friday, October 23, 2026. Defendants' combined reply in support of their motion to dismiss, cross-motion for summary judgment / opposition to Plaintiffs' motion for summary judgment shall not exceed 45 pages;

5. Plaintiffs shall file their reply in support of their motion for summary judgment and opposition to Defendants' cross-motion for summary judgment on or before Friday, November 6, 2026. Plaintiffs' reply shall not exceed 40 pages; and

6. Defendants shall file their reply in support of their cross-motion for summary judgment on Friday, November 13, 2026. Defendants' reply shall not exceed 15 pages.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court set a status conference the week of September 28, 2026, which Plaintiffs do not oppose, and resolve the Motion to Transfer before merits briefing proceeds. Plaintiffs respectfully request that the Court enter the agreed-upon briefing schedule. Should the Court deny the Motion to Transfer, the Parties jointly request entry of the schedule set out above.

Dated: September 25, 2026

Respectfully submitted,

**ANTHONY G. BROWN**
Attorney General of Maryland

By: */s/ Virginia A. Williamson*
Virginia A. Williamson (D. Md. Bar No. 31472)
James C. Luh (D. Md. Bar No. 31776)
Adam Kirschner (D. Md. Bar No. 31767)
*Assistant Attorneys General*
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
(410) 576-6584
vwilliamson@oag.maryland.gov

*Attorneys for State of Maryland*

**LETITIA JAMES**
Attorney General of New York

By: */s/ Galen Sherwin*
Galen Sherwin†
*Special Counsel for Reproductive Justice*
Rabia Muqaddam†
*Chief Counsel for Federal Initiatives*
Andres Ivan Navedo†
Molly Brachfeld†
Victoria Ochoa†
*Assistant Attorneys General*
28 Liberty St.
New York, NY 10005
(929) 736-3392
galen.sherwin@ag.ny.gov
rabia.muqaddam@ag.ny.gov
ivan.navedo@ag.ny.gov
molly.brachfeld@ag.ny.gov
victoria.ochoa@ag.ny.gov

*Attorneys for the State of New York*

**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

By: */s/ Allyson Slater*
Allyson Slater†
*Director, Reproductive Justice Unit*
Nita K. Klunder†
Morgan Carmen†
Abigail Gabrieli*
*Assistant Attorneys General*
One Ashburton Pl.
Boston, MA 02108
(617) 963-2255
allyson.slater@mass.gov
morgan.carmen@mass.gov

*Attorneys for the Commonwealth of Massachusetts*

**ROB BONTA**
Attorney General for the State of California

By: */s/ Ketakee Kane*
Neli N. Palma‡
*Senior Assistant Attorney General*
Ketakee Kane‡
David Houska‡
*Deputy Attorneys General*
1515 Clay Street
Oakland, CA 94612
(510) 879-1519
Ketakee.Kane@doj.ca.gov

*Attorneys for the People of the State of California*

**PHIL WEISER**
Attorney General of Colorado

By: */s/ Gabe Podesta*
Gabe Podesta†
Ryan Lorch†
*Senior Assistant Attorneys General*
1300 Broadway, 10th Fl.
Denver, CO 80203
(720) 508-6000
gabe.podesta@coag.gov
ryan.lorch@coag.gov

*Counsel for the State of Colorado*

**WILLIAM TONG**
Attorney General of Connecticut

By: */s/ Alma Nunley*
Alma Nunley†
*Assistant Solicitor General*
165 Capitol Ave
Hartford, CT 06106
(860) 808-5318
Alma.Nunley@ct.gov

*Attorney for the State of Connecticut*

**KATHLEEN JENNINGS**
Attorney General of Delaware

By: */s/ Vanessa L. Kassab*
Ian R. Liston†
*Director of Impact Litigation*
Vanessa L. Kassab†
*Deputy Attorney General*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Attorneys for the State of Delaware*

**ANNE E. LOPEZ**
Attorney General of Hawaiʻi

By: */s/ Kalikoʻonālani D. Fernandes*
Kalikoʻonālani D. Fernandes†
*Solicitor General*
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

*Attorney for the State of Hawaiʻi*

**KWAME RAOUL**
Attorney General for the State of Illinois

By: */s/ Caitlyn G. McEllis*
Caitlyn G. McEllis†
*Senior Policy Counsel*
Holly F.B. Berlin†
*Assistant Attorney General*
Office of the Illinois Attorney General
115 S. LaSalle St. Chicago, IL 60603
(312)814-3000
Caitlyn.McEllis@ilag.gov
Holly.berlin@ilag.gov

*Attorneys for the State of Illinois*

**OFFICE OF THE GOVERNOR *ex rel.* ANDY BESHEAR**
Governor of the Commonwealth of Kentucky

By: */s/ S. Travis Mayo*
S. Travis Mayo†
*General Counsel*
Sam Flynn*
*Chief Deputy General Counsel*
Laura C. Tipton*
*Deputy General Counsel*
Office of the Governor
501 High Street
Frankfort, KY 40601
(502) 564-2611
travis.mayo@ky.gov
sam.flynn@ky.gov
laurac.tipton@ky.gov

*Counsel for the Office of the Governor*

**AARON M. FREY**
Attorney General of Maine
By: */s/ Katherine W. Thompson*
Katherine W. Thompson*†
*Special Counsel*
Office of the Attorney General
6 State House Station
Augusta, ME 04333
Tel.: 207-626-8455
Fax: 207-287-3145
kate.thompson@maine.gov

*Attorneys for State of Maine*

**DANA NESSEL**
Attorney General of Michigan
By: */s/ Neil Giovanatti*
Neil Giovanatti†
*Assistant Attorney General*
P.O. Box 30212
Lansing, MI 48909
(517) 241-1050
GiovanattiN@michigan.gov

*Attorney for the State of Michigan*

**KEITH ELLISON**
Attorney General of Minnesota

By: */s/Katherine Bies*
Katherine Bies†
*Assistant Attorney General*
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101
(651) 300-0917
Katherine.Bies@ag.state.mn.us

*Attorney for the State of Minnesota*

**AARON D. FORD**
Attorney General of Nevada

By: */s/ K. Brunetti Ireland*
K. Brunetti Ireland†
*Chief of Special Litigation*
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
kireland@ag.nv.gov

*Attorney for the State of Nevada*

**JENNIFER DAVENPORT**
Attorney General of New Jersey

By: */s/ Meghan K. Musso*
Meghan K. Musso†
*Deputy Attorney General*
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
(609) 696-5276
Meghan.Musso@law.njoag.gov

*Attorney for the State of New Jersey*

**RAÚL TORREZ**
Attorney General of New Mexico

By: */s/ Aletheia V.P. Allen*
Aletheia V.P. Allen†
*Solicitor General*
New Mexico Department of Justice
201 Third St. NW, Suite 300
Albuquerque, NM 87102
505-527-2776
aallen@nmdoj.gov

Seth C. McMillian†
*Deputy Solicitor General*
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM 87501
505-546-9919
smcmillan@nmdoj.gov

*Attorneys for State of New Mexico*

**DAN RAYFIELD**
Attorney General State of Oregon

By: */s/ Leanne Hartmann*
Leanne Hartmann†
*Senior Assistant Attorney General*
Galen Knowles†
*Assistant Attorney General*
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel (971) 673-1880
Fax (971) 673-5000
Leanne.Hartmann@doj.oregon.gov
Galen.Knowles@doj.oregon.gov

*Attorneys for the State of Oregon*

**JOSH SHAPIRO**
Governor for the Commonwealth of Pennsylvania

By: */s/ Jacob B. Boyer*
Jennifer C. Selber*
Jacob B. Boyer*
*Deputy General Counsel*
Governor's Office of General Counsel
30 North 3rd Street
Suite 200
Harrisburg, PA 17101
jacobboyer@pa.gov

*Attorneys for Governor Josh Shapiro*

**PETER F. NERONHA**
Attorney General of Rhode Island

By: */s/ Kathryn T. Gradowski*
Kathryn T. Gradowski†
*Special Assistant Attorney General*
150 South Main St.
Providence, RI 02903
(401) 274-4400
kgradowski@riag.ri.gov

*Attorney for the State of Rhode Island*

**CHARITY R. CLARK**
Attorney General for the State of Vermont

By: /s/ Ryan Patrick Kane
Ryan Patrick Kane†
*Deputy Solicitor General*
109 State Street
Montpelier, VT 05609
(802) 828-3171
Ryan.kane@vermont.gov

*Attorney for the State of Vermont*

**JAY JONES**
Attorney General for the Commonwealth of Virginia

By: */s/ Megan C. Keenan*
Megan C. Keenan (D. Md. Bar No. 32426)
*Deputy Solicitor General*
202 North Ninth Street
Richmond, Virginia 23219
(804) 997-5222
mkeenan@oag.state.va.us

*Counsel for the Commonwealth of Virginia*

**JOSHUA L. KAUL**
Attorney General of Wisconsin

By: */s/ Lynn K. Lodahl*
Lynn K. Lodahl†
*Assistant Attorney General*
17 West Main Street
Post Office Box 7857
Madison, WI 53707
(608) 264-6219
lynn.lodahl@wisdoj.gov

*Attorney for the State of Wisconsin*

**NICHOLAS W. BROWN**
Attorney General of Washington

By: /s/ *Lauryn K. Fraas*
Lauryn K. Fraas†
*Assistant Attorney General*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
Tel (206) 464-7744
lauryn.fraas@atg.wa.gov

*Attorney for the State of Washington*

* *pro hac vice application forthcoming*
‡ *pro hac vice application pending*
† *appearing pro hac vice*

/s/ *Landen P. Benson*
LANDEN P. BENSON
Attorney
GA Bar No. 863909
U.S. Department of Health and Human Services
200 Independence Ave., SW
Washington, DC 20201
landen.benson@hhs.gov

*Counsel for Defendants*