**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| STATE OF NEW YORK, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | * | Case No. 1:26-cv-03405-DLB |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * *

**PROPOSED ORDER**

Upon consideration of Defendants' Motion to Dismiss and accompanying Memorandum of Law, ECF Nos. 102, 102-1; Plaintiffs' Motion for Summary Judgment and Memorandum of Law in Support of their Motion for Summary Judgment and Opposition to Defendants' Motion to Dismiss, ECF Nos. 113, 113-1; Defendants' Reply in Support of Their Motion to Dismiss, Cross-Motion for Summary Judgment, and Opposition to Plaintiffs' Motion for Summary Judgment, ECF No. 124; and Plaintiffs' Reply in Support of Their Motion for Summary Judgment and in Opposition to Defendants' Cross-Motion for Summary Judgment, ECF No. 129, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss is DENIED.
2. Defendants' Cross-Motion for Summary Judgment is DENIED.
3. Plaintiffs' Motion for Summary Judgment is GRANTED.
4. The Court DECLARES that the incorporation of the following "Challenged Conditions" (as defined in Plaintiffs' Motion for Summary Judgment) throughout the Fiscal Year 2027

Title X Notice of Funding Opportunity ("2027") NOFO was unlawful, 5 U.S.C. § 706(2):

a. The Directive Counseling Priority;

b. The Overmedicalization Priority;

c. The Anti-Gender Ideology Priority;

d. The Anti-DEI Priority;

e. The Hyde Amendment Priority; and

f. The Irrelevant HHS Priorities.

5. Pursuant to 5 U.S.C. § 706, the Court VACATES and SETS ASIDE the incorporation of the Directive Counseling Priority, the Overmedicalization Priority, the Anti-Gender Ideology Priority, the Anti-DEI Priority, the Hyde Amendment Priority, and the Irrelevant HHS Priorities wherever they appear in the 2027 NOFO;

6. The Court PERMANENTLY ENJOINS and RESTRAINS Defendants from requiring applications to address the Challenged Conditions of the 2027 NOFO, applying or imposing the Challenged Conditions in evaluating applications submitted under the 2027 NOFO, or requiring compliance with the Challenged Conditions as part of the terms and conditions of awards issued pursuant to the NOFO; and

7. The Court AWARDS the Plaintiff States their reasonable fees, costs, and expenses, including attorneys' fees, pursuant to 28 U.S.C. § 2412.

**IT IS SO ORDERED.**

Dated: ____________, 2026, at ____________________.

BY THE COURT:

______________________________
Deborah L. Boardman
United States District Judge